**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Crispen, Kathleen Shirley and Gloria Grady, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  11 C 5208 |
| Pinnacle Credit Services, LLC, a Minnesota limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Robert Crispen, Kathleen Shirley and Gloria Grady, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Robert Crispen ("Crispen"), is a citizen of the State of Indiana, from whom Defendants attempted to collect a delinquent consumer debt owed for a Citibank credit card, despite the fact that he was represented as to this debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. The other two Plaintiffs are also clients of the attorneys at LASPD, from whom Defendants also attempted to collect delinquent consumer debts – also Citibank credit card accounts -- despite the fact that they were also represented by counsel. Plaintiff Kathleen Shirley ("Shirley"), and Plaintiff Gloria Grady ("Grady"), are both citizens of the State of California.

5. Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Pinnacle operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Pinnacle is a bad debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

7. Defendant Pinnacle is authorized to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Pinnacle conducts business in Illinois.

8. Moreover, Defendant Pinnacle is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Pinnacle acts as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

**Mr. Robert Crispen**

9. Mr. Crispen is a disabled senior citizen with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a Citibank credit card. At some point in time after that debt became delinquent, it was bought by Defendant Pinnacle, and when Pinnacle began trying to collect this debt from Mr. Crispen, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

10. Specifically, Defendant Pinnacle hired another debt collector, National Enterprise Systems ("NES"), to demand payment of the Citibank debt from Mr. Crispen, by sending him a collection letter dated November 3, 2010. A copy of this letter is attached as Exhibit C.

11. Accordingly, on December 1, 2010, one of Mr. Crispen's attorneys at LASPD informed Defendant Pinnacle, through its agent, NES, that Mr. Crispen was represented by counsel, and directed Defendant Pinnacle to cease contacting him, and to cease all further collection activities because Mr. Crispen was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendant Pinnacle then had another debt collector, Seiler & Associates ("Seiler"), demand payment of the Citibank debt from Mr. Crispen, by sending him a collection letter, dated June 6, 2011. A copy of this letter is attached as Exhibit E.

13. Thus, in a letter dated June 23, 2011, Mr. Crispen's attorneys at LASPD had to inform Defendant Pinnacle again, this time through its agent, Seiler, that Mr. Crispen was represented by counsel, and again direct it to cease collections and to cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Kathleen Shirley**

14. Ms. Shirley is a senior citizen with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Citibank credit card. At some point in time after that debt became delinquent, it was bought by Defendant Pinnacle, and when Pinnacle began trying to collect this debt from Ms. Shirley, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

15. Specifically, Defendant Pinnacle hired another debt collector, NES, to demand payment of the Citibank debt from Ms. Shirley, by sending her a collection letter dated November 3, 2010. A copy of this letter is attached as Exhibit G.

16. Accordingly, on December 9, 2010, one of Ms. Shirley's attorneys at LASPD informed Defendant Pinnacle, through its agent, NES, that Ms. Shirley was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Shirley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit H.

17. Nonetheless, Defendant Pinnacle then had another debt collector, Seiler,

demand payment of the Citibank debt from Ms. Shirley, by sending her a collection letter, dated June 6, 2011. A copy of this letter is attached as Exhibit I.

18. Thus, in a letter, dated June 24, 2011, Ms. Shirley's attorneys at LASPD had to inform Defendant Pinnacle again that Ms. Shirley was represented by counsel, and again direct it to cease collections and to cease communications. Copies of this letter and fax confirmation are attached as Exhibit J.

**Ms. Gloria Grady**

19. Ms. Grady is a senior citizen with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Citibank credit card. At some point in time after that debt became delinquent, it was bought by Defendant Pinnacle, and when Pinnacle began trying to collect this debt from Ms. Grady, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

20. Specifically, Defendant Pinnacle hired another debt collector, NES, to demand payment of the Citibank debt from Ms. Grady, by sending her a collection letter dated November 3, 2010. A copy of this letter is attached as Exhibit K.

21. Accordingly, on December 29, 2010, one of Ms. Grady's attorneys at LASPD informed Defendant Pinnacle, through its agent, NES, that Ms. Grady was represented by counsel, and directed Defendant to cease contacting her, and to cease all further collection activities because Ms. Grady was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit L.

5

22.     Nonetheless, Defendant Pinnacle then hired another debt collector, Seiler, to demand payment of the Citibank debt from Ms. Grady, by sending her a collection letter, dated May 26, 2011.  A copy of this letter is attached as Exhibit M.

23.     Thus, in a letter, dated June 22, 2011, Ms. Grady's attorneys at LASPD had to inform Defendant Pinnacle again, this time through its agent Seiler, that Ms. Grady was represented by counsel, and again direct Defendant to cease collections and to cease communications.  Copies of this letter and fax confirmation are attached as Exhibit N.

24.     All of Defendant Pinnacle's collection actions complained of herein occurred within one year of the date of this Complaint.

25.     Defendant Pinnacle's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

26.     Plaintiffs adopt and reallege ¶¶ 1-25.

27.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

28.     Here, the letters from Mr. Crispen's, Ms. Shirley's and Ms. Grady's attorney/agent, LASPD, told Defendant Pinnacle to cease communications and to cease collections.  By continuing to communicate with Plaintiffs regarding these debts and

6

demanding payment, Defendant Pinnacle violated § 1692c(c) of the FDCPA.

29. Defendant Pinnacle's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

30. Plaintiffs adopt and reallege ¶¶ 1-25.

31. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

32. Defendant Pinnacle knew, or readily could have known, that Mr. Crispen, Ms. Shirley and Ms. Grady were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant Pinnacle, in writing, through its agent, that Plaintiffs were all represented by counsel, and had directed a cessation of communications with them. By directly sending Plaintiffs collection letters, despite being advised that they were represented by counsel, Defendant Pinnacle violated § 1692c(a)(2) of the FDCPA.

33. Defendant Pinnacle's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Robert Crispen, Kathleen Shirley and Gloria Grady, pray that this

Court:

    1.    Find that Defendant's debt collection actions violated the FDCPA;

    2.    Enter judgment in favor of Plaintiffs Crispen, Shirley and Grady, and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Robert Crispen, Kathleen Shirley and Gloria Grady, demand trial by jury.

                          Robert Crispen, Kathleen Shirley and Gloria Grady,

                          By: /s/ David J. Philipps_____
                          One of Plaintiffs' Attorneys

Dated: August 1, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com